```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| PONTELL BRYANT, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 09-2672 (JBS) |
| v. |  |
| NOLAN, et al., | **MEMORANDUM OPINION** |
| Defendants. |  |

**SIMANDLE**, District Judge:

   This matter is before the Court upon an August 26, 2009 motion for a temporary restraining order [Docket Item 11]. The motion was submitted by pro se movant Chaka Kwanzaa, who is not a named plaintiff, and purportedly also on behalf of Pontell Bryant, the named Plaintiff in this case, who has not signed this motion. THE COURT FINDS AS FOLLOWS:

   1.  Movant Chaka Kwanzaa is not a party in this matter. An individual who is not named in the complaint is not a party until the Court decides to add the party on a motion for joinder. Cf. SEC v. Investors Security Leasing Corp., 610 F.2d 175, 178 (3d Cir. 1979) (holding that a non-party does not become party for purposes of intervention until court rules). Thus, Mr. Kwanzaa is not yet a party to this case, even though a motion to add him as a plaintiff to this action is pending [Docket Item 8].

   2.  A non-party cannot apply for a temporary restraining order. See L. Civ. R. 65.1(a) ("Any party may apply for

[emergency relief.]"); cf. Investors Security Leasing Corp., 610 F.2d at 178 (holding that the court was without jurisdiction to rule on the claims of non-parties). Therefore, to the extent that the motion is on behalf of Mr. Kwanzaa, it must be denied.

3. Although Mr. Kwanzaa's motion points to harms that will be experienced by both Mr. Kwanzaa and Mr. Bryant, the motion is only signed by Mr. Kwanzaa. Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very . . . written motion, and other paper must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

4. This Court could interpret the motion to be on behalf of Mr. Bryant and allow Mr. Bryant the opportunity to correct this error by signing the motion. Id. ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."). But here the circumstances compel the Court to simply deny the motion. The motion appears to ask for relief on grounds different from those in the complaint and against different defendants, arising at a different place of incarceration. The underlying complaint is an Eighth Amendment and negligence claim by Mr. Bryant against individuals employed at the Albert C. Wagner Correctional Facility in Bordentown, New Jersey, arising from an allegedly unprovoked beating while handcuffed on September 27, 2008 [Docket

Item 1]. The present motion does not clearly state its grounds for relief, but appears to make an equal protection claim, perhaps in addition to other claims. The motion does not identify the defendants against whom movants request the temporary restraining order, but both Mr. Kwanzaa and Mr. Bryant are currently incarcerated at East Jersey State Prison - a prison located in Rahway, New Jersey. So it seems that the movants ask for relief from different defendants, and on grounds different from those of the complaint.

    5.  In this motion for emergent relief, a plaintiff has the burden of demonstrating the four factors applicable to motions for preliminary injunctive relief, namely: (1) a likelihood of success on the merits; (2) that Plaintiff will suffer irreparable harm if the motion is denied; (3) that granting preliminary relief will not result in greater harm to a non-moving party; and (4) that the public interest favors such relief. Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004); AT&T Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir. 1994). Further, before such extraordinary relief can be entertained, the plaintiff must supply specific facts in an affidavit or verified complaint demonstrating good and sufficient reasons why emergency relief is necessary. L. Civ. R. 65.1(a). The present allegations are not in an affidavit or verification. The rules also generally require notice to the adverse party, see

Fed. R. Civ. P. 65(a)(1), which has not occurred, since the persons against whom this Rahway temporary restraining order is sought are not named as defendants in this Albert C. Wagner case. These procedural shortcomings also preclude granting emergency relief upon this deficient application. Even if the movants had complied with the proper procedure, the substantive merits of the request are not apparent.[1]

6.   Mr. Bryant and Mr. Kwanzaa must file a new complaint if they wish to proceed with these claims against the relevant defendants at East Jersey State Prison. If properly filed as a new action, this matter would be outside this Court's Camden vicinage; the action should properly be located in Newark Vicinage. See L. Civ. R. 40.1 cmt. 2. Therefore, if Mr. Bryant

---

[1] The motion alleges that the Mr. Kwanzaa and Mr. Bryant will experience weight loss because their caloric intake will fall below 2,200 calories as a result of the prison's dietary options during Ramadan; that they face an increased risk of diabetes because of the high sugar content of this available diet; and that the prison is arbitrarily denying them use of showers (which they allege contain excessive arsenic), yard time, proper heat, proper ventilation, and proper access to postage stamps and other supplies. The movants do not offer any support for the contention that the marginal weight loss caused by several days of low-calorie diet constitutes irreparable harm - a contention made less plausible by the claim here that the high sugar diet will place the movant at risk of diabetes. Similarly, this Court is provided with no reason for believing that a temporary diet high in sugar is likely to cause diabetes. The remaining allegations are offered in a single sentence in the motion, with no further support or explication. While these harms may justify some other form of relief, the Court cannot find that these dangers are of the immediate and irreparable kind, with a sufficient level of likelihood of success on the merits, needed to justify the extraordinary action requested.

and/or Mr. Kwanzaa wishes to pursue this new set of claims against new defendants at East Jersey State Prison, they must file the necessary complaint and application for leave to proceed <u>in forma pauperis</u> at the Clerk's Office in Newark.

7. Therefore, the motion will be denied without prejudice to allow movants to re-file the matter as a new complaint against these defendants which the Clerk will then place in the proper vicinage.[2]


**September 1, 2009**               s/ Jerome B. Simandle
Date                                JEROME B. SIMANDLE
                                    United States District Judge


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

[2] Movants request the appointment of a "federal independent investigator" and the installation of video cameras in order to hinder the alleged and future violations of movants' rights [Docket Item 11]. Though it is not clear from the motion, the Court interprets these requests to be part of the relief movants seek from the harms alleged in the motion, and they are therefore also denied for the reasons given above.