```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| PONTELL BRYANT, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 09-2672 (JBS/AMD) |
| v. |  |
| LT. NOLAN, et al., | **MEMORANDUM OPINION** |
| Defendants. |  |

**SIMANDLE**, District Judge:

    This matter is before the Court on Defendants' motion for summary judgment [Docket Item 50]; Plaintiff's motion for summary judgment [Docket Item 52]; and Plaintiff's letter to the Court regarding supplementation of the Complaint, and seeking a temporary restraining order and appointment of a federal investigator [Docket Item 57]. The Court finds as follows:

    1. Plaintiff, a New Jersey state prisoner, brings this suit against four employees of the Albert C. Wagner Correctional Facility. At the time of the conduct alleged in the current Complaint, Defendant Nolan and Defendant Dacy were supervisors at Albert C. Wagner and Defendant Livingston and Defendant Generals were correctional officers at the institution.

    2. According to the Complaint, on the morning of September 27, 2008, Nolan was assisting Livingston and Generals in escorting Plaintiff from one area of the prison to another. Shortly after encountering Dacy, Plaintiff was "arbitrarily

thrown to the floor face first," while wearing restraints behind his back, and "arbitrarily kicked and punched while in restraint." (Compl. ¶ 10.) Plaintiff alleges that he did not do anything while in restraints to warrant the force. Plaintiff also claims that after this incident, he was subjected to "'unconstitutional procedure' hearings to justify the 'excessive force' used." (Compl. ¶ 13.)

    3.  The Complaint is organized into two causes of action, but each cause of action makes claims under multiple legal theories. The first cause of action is for "cruel and unusual punishment in violation of the [F]irst, [E]ight[h], and [F]ourteenth Amendments." (Compl. "First cause of action.") In this section, Plaintiff claims that "the excessive force, retaliation, and unconstitutional procedure hearings . . . were done willfully and maliciously with intentional gross negligence and reckless disregard of the possible consequences of their actions." (Compl. ¶ 17.) The second cause of action alleges that Defendants owed Plaintiff a duty of reasonable care breached by their "excessive force, retaliation, and unconstitutional procedure hearings," and that "Defendants were all on written notice of violations via grievances filed by plaintiff, and verbal phone calls by Plaintiff's family." (Compl. ¶¶ 19-21.)

    4.  Reading the Complaint liberally, the Court understands the Complaint to bring five claims: (1) a claim under 42 U.S.C. §

1983 that the officers used excessive force against Plaintiff in violation of the Fourth Amendment; (2) a claim under 42 U.S.C. § 1983 that the officers wantonly inflicted pain upon Plaintiff in violation of the Eighth Amendment; (3) a claim under 42 U.S.C. § 1983 that the officers failed to comply with due process in disciplinary procedures in violation of the Fourteenth Amendment; (4) a claim under New Jersey common law that Defendants breached a duty of care owed to Plaintiff by hurting him, failing to protect him, and subjecting him to improper procedures; and (5) a claim under 42 U.S.C. § 1983 that the officers took these actions in retaliation for grievances filed by Plaintiff, in violation of the First Amendment.

  5.  Defendants move for summary judgment, arguing among other things that Plaintiff failed to exhaust his administrative remedies before filing suit under § 1983, entitling Defendants to summary judgment as to the federal claims; that Plaintiff failed to file notice of tort claims under the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:1-1 et seq.; and that Plaintiff has failed to adduce evidence to support the essential elements of his claims.  Plaintiff did not oppose the motion.  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). Summary judgment will not be denied based on mere allegations or

denials in the pleadings; instead, some evidence must be produced to support a material fact.  Fed. R. Civ. P. 56(c)(1)(A); United States v. Premises Known as 717 S. Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993).

Where the nonmoving party bears the burden of persuasion at trial, the moving party may be entitled to summary judgment merely by showing that there is an absence of evidence to support an essential element of the nonmoving party's case.  Fed. R. Civ. P. 56(c)(1)(B); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  The nonmoving party's failure to respond to the motion does not mean summary judgment is warranted.  See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990).  The Court must still determine, even for an unopposed summary judgment motion, whether the motion and supporting materials show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(3).  Failure to oppose the motion does mean, however, that the Court may consider facts asserted by the moving party "undisputed for the purposes of the motion."  Fed. R. Civ. P. 56(e)(2); See also Anchorage Assocs., 922 F.2d at 175.

     6.  The Prison Litigation Reform Act requires prisoners asserting a claim under 42 U.S.C. § 1983 to first exhaust administrative remedies.  42 U.S.C. § 1997e(a).  "This provision makes no distinction between an action for damages, injunctive relief, or both.  The exhaustion requirement is mandatory,

4

whether or not the administrative remedies afford the inmate-plaintiff the relief sought in the federal court action." Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000).  The uncontested evidence shows that Bryant did not exhaust his administrative remedies as to any of his claims against Defendants.  (Defs.' Statement of Material Facts, ¶¶ 51-67.)  Summary judgment will therefore be granted with respect to Plaintiff's § 1983 claims.

    7.  The only remaining issue is Bryant's negligence claims. Under New Jersey's Tort Claims Act, "No action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter."  N.J. Stat. Ann. § 59:8-3.  Defendants are public employees under N.J. Stat. Ann. § 59:1-3.  Suits against public employees in their individual capacity are subject to the notice provisions of the TCA.  Lassoff v. New Jersey, 414 F. Supp. 2d 483, 490 n.19 (D.N.J. 2006).  Plaintiff bears the burden of showing that he filed a notice of tort claim.  See Rolax v. Whitman, 175 F. Supp. 2d 720, 730 (D.N.J. 2001).  He has failed to do so here, and so Defendants are entitled to summary judgment as to his negligence claims.

    8.  Defendants will therefore be granted summary judgment as to all claims against them.

    9.  Plaintiff also filed a document captioned as a motion

5

for summary judgment.  However, the document is an unsigned numbered list, appearing to correspond to this Court's requirements for a pre-trial memorandum.  To the extent it can be construed as seeking summary judgment, it provides no brief, statement of material facts, or exhibits and/or certifications supporting Plaintiff's assertions, and will therefore be denied.

    10.  Finally, Plaintiff wrote a letter to the Court seeking to supplement the Complaint with facts about an incident occurring at the prison at which he is currently incarcerated, and asking for a temporary restraining order and the appointment of a federal investigator [Docket Item 57].  Plaintiff has not complied with the procedural rules for filing of motions as set forth in Local Civil Rule 7.1, nor does the informal filing meet the bare requirements necessary for the Court to consider the relief sought even if the Court relaxed the rules:  Plaintiff's letter does not include a copy of the proposed addition to the pleadings; does not explain why this new incident should be considered with this old action; does not include any affidavit or verified pleading to support the injunctive relief request; does not specify what relief is sought with respect to the temporary restraining order; and does not identify a legal basis upon which the Court would take the extraordinary step of appointing an investigator, why such an investigator should be appointed, or what he or she would do.  Therefore, the relief

sought in this informal letter will be denied.

     11.  Because the Court will grant Defendants' summary judgment motion, if Plaintiff seeks legal remedy for a new incident occurring at his current place of incarceration, he must file a new legal action at the appropriate time with the appropriate court, after he has first exhausted any applicable administrative remedy requirements.  The accompanying Order will be entered.


**April 6, 2011**                      **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                     United States District Judge